LAW OFFICES OF

WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26™ FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

DOUGLAS S. SAELTZER (State Bar #173088)
dsaeltzer@walkuplawoffice.com
CHRISTIAN R. JAGUSCH (State Bar #306753)
cjagusch@walkuplawoffice.com
**ATTORNEYS FOR PLAINTIFF**
S.A.A.S.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| S.A.A.S., by and through her Guardian ad Litem, Jose Jesus Acevedo Saavedra, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, COMMUNITY MEDICAL CENTER, ERNEST RIOS ALMENDAREZ, M.D., and DOES ONE TO TWENTY-FIVE, inclusive, <br><br> Defendants. | Case No. 18-at-00969 <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. Medical Negligence (FTCA)** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff complains of the defendants and allege as follows:

**INTRODUCTION**

1.       On February 4 and 5, 2016, decedent Dulce Esmeralda Sevilla Ramos sought care and treatment for symptoms related to diabetes at St. Joseph's Medical Center Emergency Department and was discharged home on both occasions. Her symptoms continued. On February 6, 2016, Ms. Sevilla Ramos sought care and treatment at Community Medical Centers, a federally funded health center, in Stockton, California. Dr. Ernest Almendarez evaluated her, performed an examination, ordered urine tests, and treated her with an injection of pain medication. He

1  discharged her with a diagnosis of non-specific headache and dehydration. Later that evening, Ms.

2  Sevilla Ramos went back to St. Joseph's Medical Center Emergency Department where doctors

3  diagnosed her with diabetic ketoacidosis. During that hospitalization, she developed fatal brain

4  swelling. The health care providers at Community Medical Center negligently and carelessly

5  failed to diagnose diabetic ketoacidosis which required immediate treatment. As a direct and

6  proximate result of the careless and negligent treatment by the health providers at Community

7  Medical Center, Ms. Sevilla Ramos died.

8  **JURSIDICTION AND VENUE AND INTRADISTRICT ASSIGNMENT**

9       2.     Subject matter jurisdiction against defendant United States of America exists

10  pursuant to United States Constitution, Article III, Section 2, Subdivision 2, and Title 28 United

11  States Code § 1346(b) (Federal Tort Claims Act).

12       3.     Pursuant to the provisions of the Federal Tort Claims Act, within two years of the

13  accrual of the cause of action and prior to the filing of this complaint, plaintiff presented written

14  claims on her behalf and lodged them with the appropriate agency of defendant, specifically the

15  Department of Health and Human Services, setting forth the events and circumstances complained of

16  herein.  Both claims were presented on or about June 13, 2017.  On June 23, 2017, the Department of

17  Health and Human Services responded and requested further records. On or about August 7, 2017,

18  the requested records were sent to the Department of Health and Human Services. On November 30,

19  2017, the Department of Health and Human Services replied with correspondence denying the claim.

20       4.     This is the proper court for commencing this action because a substantial part, if

21  not all, of the events or omissions giving rise to plaintiff's claims occurred within the Eastern

22  District of the State of California (28 U.S.C. § 1402[b]).

23       5.     The proper intra-district assignment is the United States District Court sitting in

24  Sacramento, California pursuant to Local Rule 120(d) because the plaintiff's claims arise from

25  events or omissions that occurred in the City of Stockton, County of San Joaquin.

26  **PARTIES AND PROCEDURAL BACKGROUND**

27       6.     Plaintiff **S.A.A.S.** is, and at all relevant times was, a natural person who is the

28  surviving minor child and sole heir to decedent Dulce Esmeralda Sevilla Ramos. Plaintiff

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

2
COMPLAINT FOR DAMAGES

1    **S.A.A.S.** is, and at all times herein mentioned was, a citizen and resident of the County of San

2    Joaquin, State of California. Jose Jesus Acevedo Saavedra, the minor's biological father, has been

3    appointed as Guardian ad Litem by the Superior Court of California in the County of San

4    Francisco.

5           7.      Defendant Community Medical Center is, and at relevant times was, a business

6    entity of unknown form doing business within the State of California, County of San Joaquin. At

7    all times mentioned herein, defendant Community Medical Center, is and was in the business of

8    medical, surgical, radiology, nursing and health services, clinic and physician services, as well as

9    diagnosis and care to patients, including plaintiff and the decedent herein.

10          8.      Defendant Community Medical Center is, and at relevant times was, a federal

11   Health Center Program pursuant to Title 42 United States Code § 254b funded by Defendant

12   United States of America. At all times herein, Community Medical Center was administered by

13   and through the employees of the United States Department of Health and Human Services who

14   were acting in the course and scope of their offices and employment. At all times herein,

15   Community Medical Center was deemed a Public Health Service Employee pursuant to Title 42

16   United States Code § 233(g)-(h).

17          9.      Defendant Ernest Rios Almendarez, M.D. is, and at relevant times was a medical

18   physician and surgeon duly licensed as such, and practicing his profession within the State of

19   California. Defendant Ernest Rios Almendarez, M.D. was at relevant times acting as an employee

20   or agent of Defendant United States of America.

21          10.     Plaintiff is unaware of the true names and capacities of those defendants sued

22   herein as DOES 1-25, inclusive, and therefore sues said defendants by such fictitious names.

23   Plaintiff will amend this Complaint to allege the true names and capacities of said defendants,

24   when the same have been ascertained, together with such other charging allegations as may be

25   appropriate.  Plaintiffs are informed and believe, and thereupon allege, that each defendant

26   designated as a DOE is responsible, negligently, strictly or in some other actionable manner, for

27   the events and happenings hereinafter referred to, and caused injuries and damages proximately

28   thereby to plaintiff, as hereinafter alleged, either through said defendants' own negligent conduct,

LAW OFFICES OF
**WALKUP, MELODIA, KELLY
& SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

1   or through the conduct of their agents, servants or employees, or in some other manner as yet

2   unknown.

3        11.    Plaintiff is informed and believes, and thereupon allege, that at all times mentioned

4   herein, defendants and each of them, were the agents, servants, employees, independent

5   contractors and/or joint venturers of their co-defendants and were, as such, acting within the

6   scope, course and authority of said agency, employment, contract, and/or joint venture, or acting

7   in concert, and that each and every defendant, as aforesaid, when acting as a principal, was

8   negligent in the selection, hiring, training, control, and supervision of each and every other

9   defendant as an agent, servant, employee, independent contractor and/or joint venturer.

10       At some or all times relevant herein, each defendant was the agent of each other defendant,

11   each defendant was acting within the course and scope of that agency, each defendant ratified the

12   conduct of the other defendants with actual and/or constructive knowledge of such conduct, and

13   each defendant was subject to and under the supervision of the other defendants.

14        12.    On February 13, 2018, plaintiff filed a civil complaint in the Superior Court of the

15   State of California, City of San Francisco alleging medical malpractice and wrongful death causes

16   of action against defendants Dignity Health, Dignity Health dba St. Joseph's Medical Center

17   Stockton, Richard Buys, M.D., Soliman Atai, M.D., David Anthony Adams, M.D., Jacob

18   McDowell, M.D., and Does One to One Hundred. Plaintiff has not served all parties, and only one

19   party has answered the complaint.

20   **FACTUAL BACKGROUND**

21        13.    Decedent Dulce Esmeralda Sevilla-Ramos gave birth to **S.A.A.S.**  During the

22   pregnancy, doctors diagnosed her with diabetes and treated her with medication. After delivery,

23   doctors stopped her diabetes medication.

24        14.    On February 4, 2016, Ms. Sevilla-Ramos sought care and treatment for symptoms

25   of diabetes at St. Joseph's Medical Center in Stockton, California. Her laboratory work in the

26   Emergency Department showed elevated glucose and evidence of acidosis. She was given

27   intravenous fluids and discharged.

28        15.    On February 5, 2016, Ms. Sevilla-Ramos returned the Emergency Department at

LAW OFFICES OF
**WALKUP, MELODIA, KELLY
& SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

1   St. Joseph's Hospital with ongoing symptoms. Again, her laboratory tests showed elevated

2   glucose and acidosis. She was treated with medication for anxiety, vomiting, and given an

3   injection of an antibiotic before being discharged.

4         16.    On February 6, 2016 at or around 11:00 a.m., Ms. Sevilla-Ramos sought care and

5   treatment at Community Medical Center in Stockton, California. She reported nausea, vomiting,

6   and headache rated 10/10. Her pulse and respiratory rates were above the normal range. A

7   urinalysis showed elevated glucose and ketones with a specific gravity of 1.030. She was given an

8   injection for pain and discharged with anti-inflammatory and anti-nausea medications.

9         17.    On February 6, 2016 at or around 7:00 p.m., Ms. Sevilla-Ramos returned to St.

10   Joseph's Hospital Emergency Department for continued symptoms including rapid breathing.

11   Doctors diagnosed her with diabetic ketoacidosis. She was admitted and given medication for her

12   condition.

13         18.    On  February 7, 2016, Ms. Sevilla-Ramos showed progressive decline in her

14   neurological condition due to cerebral edema and was taken to the operating room to have part of

15   her skull removed to relieve the brain swelling. Despite surgical and medical management, Ms.

16   Sevilla-Ramos never regained consciousness.

17         19.    On February 11, 2016 around 8:14 p.m., Ms. Sevilla-Ramos died.

18         **FIRST CLAIM FOR RELIEF**

19         **[Medical Negligence; Wrongful Death]**

20   For a first, separate, and distinct claim for relief, plaintiff **S.A.A.S.** complains of

21   defendants and alleges as follows:

22         20.    Plaintiff hereby refers to, re-alleges, and incorporates by reference as though set

23   forth in full, each and every allegation contained in paragraph 1 through 19 of this Complaint, and

24   makes them a part of this, the First Claim for Relief, as though set forth in full.

25         21.    Community Medical Center is a federally funded health center located in Stockton,

26   California which holds itself out to the public as a provider of comprehensive and preventative

27   health care services, including diabetes care.

28         22.    On February 6, 2016, Ms. Sevilla-Ramos manifested signs of diabetic ketoacidosis

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

5

COMPLAINT FOR DAMAGES

that a trained and competent health provider should have recognized and properly treated. Specifically:

      a.    Ms. Sevilla-Ramos had a history of diabetes during her recent pregnancy;

      b.    Her medical records reflect abnormally elevated heart rates ranging from 126 to 138;

      c.    Her respiratory rate was rapid ranging from 22 to 24;

      d.    Her urinalysis showed 500 mg/dl of glucose and 160 mg/dl of ketones;

      e.    Her urine was concentrated with a specific gravity of 1.030;

      f.    Her symptoms of nausea, vomiting, and headache were consistent with diabetic ketoacidosis.

23.    The health care providers at Community Medical Center were careless and negligent in and about the evaluation, treatment, nursing care, observation, monitoring, interpretation of laboratory data, and diagnosis of Ms. Sevilla-Ramos, now deceased, during the course of her presentation as a patient at Community Health Clinic.

24.    As a direct, legal, and proximate result of the negligence and carelessness of the defendant, Ms. Sevilla-Ramos suffered undiagnosed and untreated diabetic ketoacidosis, evidence by her clinical presentation and laboratory abnormalities. These injuries were ultimately fatal, and Ms. Sevilla-Ramos died as a legal result thereof on February 11, 2016.

25.    As a direct, legal, and proximate result of defendant's acts and omissions alleged herein, plaintiff S.A.A.S. suffered significant economic and non-economic damages, including, but not limited to, loss of her mother's past and future financial support, funeral and burial expenses, past and future household services, loss of her mother's love, companionship, comfort, care, assistance, protection, affection, society, moral support, and her mother's training and guidance.

26.    The negligence and carelessness herein described did not involve social, economic, or political considerations, but rather reflected a breach in the standard of care for medical

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

1    professionals.

2        27.    The negligence and carelessness herein described was not of a nature or type which

3    the discretionary-function exception to the Federal Torts Claims Act was intended to, or did,

4    protect.  The defendant is not immune from suit under the discretionary-function immunity within

5    the Federal Torts Claims Act.  *See* 28 U.S.C. § 1346(b)(1).

6                                        **PRAYER**

7        WHEREFORE, plaintiff **S.A.A.S.** prays judgment against the defendants as follows:

8            a.      For economic (special) damages according to proof in the approximate

9    amount of $5,000,000;

10           b.      For non-economic (general) damages, of approximately $5,000,000;

11           c.      For costs of suit incurred herein; and

12           d.      For such other and further relief as the Court may deem proper.

13                            **DEMAND FOR JURY TRIAL**

14       Plaintiff herein demand trial by jury.

15                                    WALKUP, MELODIA, KELLY & SCHOENBERGER
     Dated:  May 29, 2018
16

17

18                           By:    _____/s/ *Christian R. Jagusch*_____
                                    CHRISTIAN R. JAGUSCH
19                                  Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
**WALKUP, MELODIA, KELLY**
**& SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

7
COMPLAINT FOR DAMAGES