1  McGREGOR W. SCOTT
   United States Attorney
2  JOSEPH B. FRUEH
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  E-mail:    joseph.frueh@usdoj.gov
   Telephone: (916) 554-2702
5  Facsimile: (916) 554-2900

6  Attorneys for Defendant
   UNITED STATES OF AMERICA

9  IN THE UNITED STATES DISTRICT COURT

10  EASTERN DISTRICT OF CALIFORNIA

12  S.A.A.S., | Case No. 2:18-cv-01566-MCE-DB

13  Plaintiff, | **ORDER GRANTING DEFENDANT'S APPLICATION FOR DETERMINATION OF GOOD-FAITH SETTLEMENT (ECF 18)**

14  v.

15  UNITED STATES OF AMERICA,

16  Defendant.

1    This is a wrongful death (medical malpractice) action filed by Plaintiff S.A.A.S. against
Defendant United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C.
§§ 1346(b), 2671–80.  The parties executed a settlement agreement under which Defendant would pay
$75,000 to Plaintiff in exchange for the dismissal of this action with prejudice.  *See* Declaration of
Christian R. Jagusch ("Jagusch Decl.," ECF 17-2) Ex. D.[1]  After executing the settlement agreement,
Defendant filed and served an Application for Determination of Good-Faith Settlement on March 26,
2020, and set the Application for a hearing on May 14, 2020, pursuant to section 877 of the California
Code of Civil Procedure.  ECF 18; *see also* Cal. Civ. Proc. Code § 877.6(a)(1).

   Actions under the FTCA are governed by the substantive law of the state in which the allegedly
tortious act or omission occurred.  *See* 28 U.S.C. § 1346(b)(1); *Molzof v. United States*, 502 U.S. 301,
305 (1992).  Section 877 is a substantive rule applied by federal district courts.  *Fed. Sav. & Loan Ins.
Corp. v. Butler*, 904 F.2d 505, 511 & n.6 (9th Cir. 1990).  Section 877 provides that a good-faith
settlement "shall discharge the party to whom it is given from all liability for any contribution to any
other parties."  Cal. Civ. Proc. Code § 877(b); *see also id.* § 877.6(c) ("A determination by the court that
the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further
claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or
comparative indemnity, based on comparative negligence or comparative fault.").

   Any Opposition to Defendant's Application was to be filed and served no later than April 30,
2020.  *See* E.D. Cal. Local R. 230(c); *see also id.* at 101 (defining "motion" to include any application or
other request made to the Court for an order or other judicial activity).  To date, the docket does not
reflect the filing of any Opposition, and counsel for the United States reports he has not received any
Opposition.  *See* ECF 20.  Pursuant to Local Rule 230(c), "[n]o party will be entitled to be heard in
opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that
party."  E.D. Cal. Local R. 230(c).  Further, the Court may construe the non-filing of an Opposition as
non-opposition to the Application.  *Id.*

---

[1] The settlement agreement is conditioned on Court approval pursuant to Local Rule 202.  *See* Jagusch Decl. Ex. D, at 4; *see also* Plaintiff's Motion to Approve Settlement (ECF 17).

PROPOSED ORDER GRANTING APPLICATION FOR
DETERMINATION OF GOOD-FAITH SETTLEMENT

1

1  On May 11, 2020, the Court continued the hearing on Defendant's Application to July 9, 2020.
2  ECF 21.  The Court later vacated the hearing on May 14, 2020.  ECF 22; *see* E.D. Cal. Local R. 230(g).
3  The Court has considered the facts and contentions presented in Defendant's Application and
4  weighed the factors outlined in *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal.3d 488 (1985),
5  including (1) a rough approximation of the plaintiff's total recovery and the settling defendant's
6  proportionate liability; (2) the settlement amount; (3) the allocation of settlement proceeds; (4) the
7  recognition that a settling defendant should pay less in settlement than after a finding of liability at trial;
8  (5) the financial condition of the settling defendant; and (6) the existence of collusion or fraud aimed to
9  injure non-settling parties.  Having considered the foregoing,

IT IS HEREBY ORDERED that Defendant United States of America's Application for Determination of Good-Faith Settlement (ECF 18) is GRANTED.

IT IS SO ORDERED.

DATED: May 21, 2020

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

Presented by:

McGREGOR W. SCOTT
United States Attorney

By:   /s/ *Joseph B. Frueh*
      JOSEPH B. FRUEH
      Assistant United States Attorney

      Attorneys for Defendant
      UNITED STATES OF AMERICA